# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| TIMOTHY KAIDUK, individually and on behalf of all others similarly situated § § § <br> Plaintiff, § § <br> vs. § § <br> DRILLING FLUIDS TECHNOLOGY, § INC. § § <br> Defendant. § | Docket No. _____ <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. During the relevant statutory time period, Drilling Fluids Technology, Inc. ("DFT") maintained a practice and policy of hiring Field Technicians, Hands, and Operators as independent contractors in order to avoid paying overtime compensation as required by the Fair Labor Standards Act (FLSA) and/or state overtime laws. These oilfield workers performed the same duties as traditional employees; however, they did not receive overtime when they worked over 40 hours in a single workweek. Rather than pay overtime, DFT paid its independent contractors straight time for all hours worked. Accordingly, Plaintiff Timothy Kaiduk ("Plaintiff") brings this collective action to recover the unpaid wages and other damages owed to him and all other similarly situated DFT Field Technicians, Hands, and Operators during the relevant time period and who were classified as independent contractors.

### JURISDICTION & VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the relevant events occurred in this District and Division.

## PARTIES

4. Haiduk is an independent contractor who worked for DFT during the relevant statutory time period and classified as an independent contractor. He worked in DFT's flowback and well testing division performing largely technical and manual labor type job duties. Haiduk performed the same duties DFT employees would; however, he was not afforded an overtime premium for hours worked over forty in a single workweek. His written consent to this action is attached at Exhibit A.

5. The Putative Class Members consist of:

**ALL FIELD TECHNICIANS, HANDS, AND OPERATORS WHO WORKED FOR DRILLING FLUIDS TECHNOLOGY, INC. IN THE OILFIELD AS INDEPENDENT CONTRACTORS AND PAID STRAIGHT TIME FOR OVERTIME. ("PUTATIVE CLASS MEMBERS")**

6. DFT is headquartered in this District and Division and may be served through its registered agent, Monty S. James, 301 Eastern Street, Booker, Texas 79005.

## FLSA COVERAGE

7. DFT was and is an employer of the Putative Class Members within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. DFT was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. DFT was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). DFT employs many workers who are engaged in commerce or in the production of goods for commerce

and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

## FACTS

10. DFT is located in Booker, Texas with operations in Texas, Oklahoma, Utah, Colorado, Wyoming, Kansas, Arkansas, North Dakota, and New Mexico. http://dftonline.com/chemicals/

11. DFT is comprised of four main divisions: production and specialty chemicals, flowback equipment services, acidizing and pumping services, and vacuum truck / frac tank services. http://dftonline.com/

12. To provide its products and services, DFT hires many Field Technicians, Hands, and Operators as independent contractors. Even though individuals working in these positions performed the exact same duties for DFT, worked the same hours in many of the same locations, DFT elected to classify some Field Technicians, Hands, and Operators as W-2 employees and others as independent contractors. This is not a distinction without a difference.

13. On information and belief, Field Technicians, Hands, and Operators who are W-2 employees receive overtime.

14. Field Technicians, Hands, and Operators who are paid with a 1099 only receive straight time for all hours worked.

15. Within the last 3 years, DFT has employed numerous Putative Class Members who perform fluid related services for DFT's clients. These activities require the Putative Class Members to work well in excess of 40 hours a week, without overtime pay. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties, received the same form of compensation and were treated as independent contractors.

**FLSA VIOLATIONS**

16.     DFT violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing the Putative Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

17.     DFT knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay overtime to the Putative Class Members. DFT's failure to pay overtime and to treat them as independent contractors was neither reasonable or made in good faith. Accordingly, the Putative Class Members are entitled to overtime in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, benefits, attorney's fees and costs.

**COLLECTIVE ACTION ALLEGATIONS**

18.     Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of DFT have been imposed on the Putative Class Members.

19.     The Putative Class Members all regularly worked in excess of forty (40) hours per week, were not paid overtime compensation, and were classified as independent contractors. These employees are victims of DFT's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

20. DFT's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

21. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individualized in character, there is no detraction from the common nucleus of liability facts.

### JURY DEMAND

22. Plaintiff demands a trial by jury.

### RELIEF SOUGHT

23. WHEREFORE, Plaintiff prays for the following relief against DFT:

   a) An order certifying this case as a collective action;

   b) An order finding DFT liable for unpaid back wages due to Plaintiff and those similarly situated and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   c) An order awarding Plaintiff and similarly situated the costs of this action;

   d) An order awarding Plaintiff and those similarly situated their attorneys' fees;

   e) Judgment awarding Plaintiff and those similarly situated unpaid benefits, compensation, attorney's fees, expenses, and costs, in connection with the FLSA violations;

f)  An order and judgment awarding Plaintiff and those similarly situated pre- and post-judgment interest at the highest rates allowed by law;

g)  An order and judgment granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
Andrew Dunlap
Fed Id. 1093163
State Bar No. 24078444
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

AND

Richard J. (Rex) Burch
State Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**